IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                                         4:22-CR-00226-BRW

TRACE SCOTT

### ORDER

Pending is Defendant's Motion to Dismiss Indictment (Doc. No. 38). The Prosecution has responded, and Defendant has replied.[1] For the reasons set out below, the motion is GRANTED.

### I.     BACKGROUND

On August 18, 2020, following an adversarial proceeding, a Bolivar County, Mississippi Chancery Court found Defendant to be a "mentally ill person who poses a substantial likelihood of physical harm to himself and to other persons . . . ."[2] The court ordered Defendant to "attend outpatient treatment at Life Help, keep his appointments, maintain proper hygiene, avoid using or buying drugs and/or illegal drugs and/or alcohol, and maintain any medication prescribed by physicians."[3]

An August 3, 2022 indictment charged Defendant with knowingly possessing a firearm after "having been previously and knowingly adjudicated a mental defective or committed to a mental institution," in violation of 18 U.S.C. § 922(g)(4).[4] The indictment also charged

---

[1] Doc. Nos. 39, 40.

[2] Doc. No. 38-2.

[3] *Id.*

[4] Doc. No. 11.

1

Defendant with knowingly giving a false statement to a firearms dealer when acquiring a firearm, because he represented that he had "not been committed to a mental institution."

On November 14, 2024, Defendant filed a motion to dismiss, arguing that the Mississippi Chancery Court's order directing him to attend outpatient mental health treatment was distinguishable from being "committed to a mental institution" under 18 U.S.C. § 922(g)(4).[5]

## II. DISCUSSION

It is a violation of 18 U.S.C. § 922(g)(4) for a person "who has been committed to a mental institution" to possess a firearm. The phrase "committed to a mental institution" is not defined in the statute, so I must "give the term its ordinary dictionary meaning."[6] "Especially in the interpretation of a criminal statute subject to the rule of lenity, [I] cannot give the text a meaning that is different from its ordinary, accepted meaning, and that disfavors the defendant."[7]

On August 18, 2020 the Mississippi court "ordered [Defendant] to attend outpatient treatment"; he was not "committed to a mental institution."[8] The plain meaning of "committed to a mental institution" is that a court required an individual to be confined to a mental institution. Being ordered to "attend outpatient treatment" is not the same. If Congress had intended "commitments" to "outpatient treatment" to be covered by the statute, it could have said as much. In this case, the important part of the phrase is "to a mental institution." Defendant was ordered only to attend outpatient treatment. He did this through both office visits and tele-

---

[5] Doc. No. 38. Defendant also argues that he was not "adjudicated as a mental defective." Based on the Prosecution's response, that issue appears to be conceded.

[6] *Kelley as Tr. of PCI Liquidating Tr. v. Safe Harbor Managed Acct. 101, Ltd.*, 31 F.4th 1058, 1066 (8th Cir. 2022) (cleaned up).

[7] *Burrage v. United States*, 571 U.S. 204, 216 (2014) (internal citation omitted).

[8] Doc. No. 38-2.

health appointments with various outpatient facilities. In fact, it appears that Defendant could choose or change facilities on his own.[9] The court never "committed [him] to a mental institution."

When addressing the vagueness of the statute in 1973, not long after it was passed, the Eighth Circuit noted:

> If it is the desire of Congress to prohibit persons who have any history of mental illness from possessing guns, it can pass legislation to that effect, but we cannot read into this criminal statute an intent to do so. We can speculate that Congress desired to keep guns from all who had a history of mental illness and we might agree that such a policy would be desirable; but we can find no support for such a holding on our part.[10]

The same holds true today. "Under our rule of law, punishments should never be products of judicial conjecture about this factor or that one. They should come only with the assent of the people's elected representatives and in laws clear enough to supply 'fair warning . . . to the world.'"[11] "To make the warning fair, so far as possible the line should be clear. When a rule of conduct is laid down in words that evoke in the common mind only the picture of [someone confined to a mental institution], the statute should not be extended to [someone ordered to attend outpatient treatment] simply because it may seem to us that a similar policy applies, or upon the speculation that if the legislature had thought of it, very likely broader words would have been used."[12]

---

[9] Doc. No. 40.

[10] *United States v. Hansel*, 474 F.2d 1120, 1125 (8th Cir. 1973).

[11] *Wooden v. United States*, 595 U.S. 360, 397 (2022) (Gorsuch, J., concurring) (quoting *McBoyle v. United States*, 283 U.S. 25, 27 (1931)).

[12] *McBoyle*, 283 U.S. at 27.

The plain meaning of the phrase "committed to a mental institution," combined with the rule of lenity in favor of defendants when interpreting criminal statutes, leads to only one result: the statute does not apply to Defendant's situation.

## CONCLUSION

For the reasons set out about, Defendant's Motion to Dismiss Indictment (Doc. No. 38) is GRANTED.  This case is DISMISSED.

IT IS SO ORDERED this 12th day of December, 2024.

                                            Billy Roy Wilson_____
                                            UNITED STATES DISTRICT JUDGE